[Civ. No. 468. Third Appellate District.—June 24, 1908.]

HERBERT T. RISDON, Appellant, v. N. C. PREWETT and D. E. MOWRY, Defendants; W. I. TERRY, Intervener, Respondent.

STATE LANDS—CONTEST OF RIGHT TO PURCHASE—JURISDICTION OF SUPREME COURT—APPEAL—MOTION TO DISMISS—TRANSFER.—The supreme court, by virtue of its appellate jurisdiction "in all special proceedings," has jurisdiction of an appeal from a judgment determining a contest of the right to purchase state school lands referred to the superior court by the surveyor general; and where such appeal is taken to this court, it will not determine a motion to dismiss the appeal, but will transfer the cause to the supreme court, under section 4 of article VI of the constitution.

APPEAL from a judgment of the Superior Court of Shasta County. Chas. M. Head, Judge.

The facts are stated in the opinion of the court ordering transfer of the cause to the supreme court.

W. A. Gett, and Braynard & Kimball, for Appellant.

W. D. Tillotson, for Intervener, Respondent.

CHIPMAN, P. J.—This is an action to determine, upon reference by the surveyor general, the rights of the respective parties to purchase from the state certain school land. The appeal is taken directly to this court. Respondent moves the court to dismiss the appeal upon certain grounds.

By section 4, article VI of the constitution, the district court of appeal is given appellate jurisdiction in certain enu-

merated proceedings, ''and in such other special proceedings as may be provided by law (excepting cases in which appellate jurisdiction is given to the Supreme Court); . . .'' Section 52, Code of Civil Procedure, provides as follows: ''The Supreme Court shall have appellate jurisdiction: . . . 4. In all special proceedings.'' The action is a special proceeding and the appeal should have been taken to the supreme court.

Obviously, as the district court of appeal has not jurisdiction, it cannot determine the pending motion.

Agreeably to the provisions of section 4, article VI of the constitution, the cause is transferred to the supreme court.

Hart, J., and Burnett, J., concurred.